**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

v.            Civil No. 05-5085
              Criminal No. 03-50054-002

**GABRIEL ROSALES**                                                       **DEFENDANT**

### O R D E R

Now on this 19th day of August, 2005, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #128), and **Movant's Objections To Magistrate Judge's Report And Recommendation** (document #129), and the Court, having carefully reviewed said documents, finds and orders as follows:

1. Rosales pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, and Possession with Intent to Distribute more than 500 grams of Methamphetamine. On June 16, 2004, a Judgment was entered which sentenced him to 135 months incarceration. Rosales did not appeal this Judgment, and it became final on June 27, 2004, pursuant to **F.R.A.P. 4(b)(1)(A)**. On May 4, 2005, Rosales filed the pending petition to correct his sentence pursuant to **28 U.S.C. §2255**.

2. Rosales contends that his sentence was increased on the basis of facts not determined by a jury or admitted by himself, and is therefore unlawful pursuant to **Blakely v. Washington**, 542 U.S. 296 (2004) and **United States v. Booker**, 543 U.S. --- (2005). He seeks a reduction of his sentence.

3. The United States responds that **Blakely** and **Booker** do not apply retroactively to cases on collateral review, and that Rosales stipulated in his Plea Agreement to the quantity of drugs upon which his sentence was based.

4. The Magistrate Judge reported that the decision in **Blakely** -- which was handed down on June 24, 2004 -- was within the 10-day period during which Rosales could have appealed his sentence, and is, therefore, not subject to a retroactivity problem. She further reported, however, that **Blakely** does not apply to this case because Rosales' sentence was enhanced based on a drug quantity admitted in the Plea Agreement and on Rosales' criminal history, both of which fall outside the **Blakely** ruling. With regard to **Booker**, the Magistrate Judge reported that it does not apply because it has not been made retroactive for purposes of collateral attacks. For the foregoing reasons, the Magistrate Judge recommended that the petition be denied and dismissed.

5. Rosales objects that the Eighth Circuit's July 23, 2004, decision in **United States v. Mooney**, **2004 WL 1636960 (2004)** is the controlling case, rather than **Blakely** as cited in his initial petition. The Court disagrees that this first **Mooney** opinion is controlling, inasmuch as it was vacated on August 6, 2004, and a new opinion was issued on March 28, 2005, which is reported at **401 F.3d 940**. This second opinion has not been made retroactive for purposes of collateral attacks.

6. Without regard to the history of **Mooney**, however, the gist of Rosales' argument is that the federal sentencing guidelines had not been held unconstitutional until after the period in which he could appeal his sentence, and he should therefore be allowed to mount a collateral attack on the sentence under **§2255**.

The Court is not persuaded by this objection. **Section 2255** allows a prisoner to file a motion for relief from sentence within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*." (**28 U.S.C. §2255**, emphasis added.) **Blakely** -- and the rights it "initially recognized" -- had been decided before Rosales' time to appeal expired. **Booker**, decided after that time, has not been made retroactively applicable to cases on collateral review in this, or any other, Circuit. **Never Misses A Shot v. U.S.**, **413 F.3d 781 (8th Cir. 2005)**.

7. Rosales also contends that retroactivity does not come into play because "[a]ny person incarcerated into the custody of the federal government has a one (1) year period to appeal as of right under 28 U.S.C. 2255." This argument conflates the one-year period to file a motion under **§2255** with the right to appeal from an order entered on such a motion "as from a final judgment on application for a writ of habeas corpus." **28 U.S.C. §2255**. The

proceeding now before this Court is a motion, not an appeal.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted *in toto*.**

**IT IS FURTHER ORDERED** that defendant's Objections thereto are overruled.

**IT IS FURTHER ORDERED** that defendant's **§2255** petition is **dismissed.**

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**